Terrell Latrey Capers on behalf of J̶o̶s̶e̶p̶h̶ X̶a̶v̶i̶e̶r̶
In care of 6337 35th ave cir e
Palmetto, Florida
239-834-8864
Terrellcapers91@gmail.com

Docket No. 8:21 cv 489 wFJ- AEP

FILED

UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF FLORIDA

TERRELL LATREY CAPERS ON BEHALF OF

J̶̶ X̶̶,

Petitioner,

vs.

STEPHANIE NUNES XAVIER, CINDY STUART

Respondent

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHER

PETITION FOR WRIT OF HABEAS CORPUS

# PETITION

Pursuant comparable to 28 U.S.C. §2254 (Persons being held in state custody), comparable to CONSTITUTION OF THE STATE OF FLORIDA ART.I §9,12,13,21,23 and The Constitution of The United States of America Bill of Rights First Amendment Petition Clause, Fourth Amendment (fully Incorporated) Search and Seizure Clause and the Ninth Amendment Non-Enumerated Rights (1791).

Terrell Latrey Capers in his capacity as Authorized Representative (hereinafter "Father"), on behalf of J̶̶ X̶̶ (hereinafter "Petitioner") hereby respectfully files this Petition for Writ of Habeas Corpus with the Court. In support therefore, Petitioner shows as follows. **It is important to take notice that without informing the Father, the Respondent has unlawfully relocated with the Petitioner since January of 2020 and her Location is unknown. There are no pending cases between any of the parties, there are no injunctions in place nor have ever been issued between the parties, there have never been any pending investigations of abuse nor harm committed by the Father against the Petitioner or Respondent by any agency of the Federal government nor any State(s), Court(s).** The Constitution of the United States of America does not prescribe a procedure of

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 1

1  filing specific forms to petition a Court for redress of grievances other than to simply petition the Court for
2  redress of grievances.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 2

## RELIEF SOUGHT

Petitioner J.X. respectfully request that this Court grant this petition for a writ of habeas corpus to restore the petitioner to her lawful father and direct the USMS via full faith and credit authorization to immediately locate and take into custody the petitioner from anyone who has possession and turn the child over to Terrell Latrey Capers, the child's lawful father.

## JURISDICTION

This Court has Jurisdiction. The petitioner is being held in unlawful custody at the time of this filing, all remedies have been exhausted improperly due to the Courts deeming the petitioner's authorized representative as vexatious inapplicably and there is no remedy to resolve the issue at hand equally within the State laws of Florida. This petition is signed and verified by Terrell Latrey Capers in his capacity as father of petitioner, acting on behalf of petitioner. This petition names the custodian as the respondent; Stephanie Nunes Xavier and Cindy Stuart who is the issuing authority for the unlawful order in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida

## ISSUES PRESENTED

(1) Whether this Court should grant such an extreme relief of a writ of habeas corpus when all other remedies in the State are improperly exhausted and reasoning for requesting such an extreme remedy is due to judicial prejudice, fraud on the court and deprivation of rights protected by the Constitution of the United States of America.

(2) Whether a writ of habeas under 28 U.S.C. §2254 is applicable to restore petitioner to her lawful father.

(3) Whether "in State custody" pertains to persons detained by unlawful order of a Court under the Jurisdiction of a State by State actors.

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 3

## CURRENT CUSTODY

(a) The Petitioner is currently in the unlawful custody of Respondent(s) **Stephanie Nunes Xavier** (hereinafter "Respondent") in an UKNOWN location, last known to be geographically in the city of Riverview, Florida and Cindy Stuart in the 13th JUDICIAL CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA; under the UCCJEA.

## GROUND FOR RELIEF

(a) Pursuant to 28 U.S.C. §2254(a) (1)(B)(i)(ii), (3)(d)(2) petitioner is in State custody in violation of the constitution of the United States of America.

(b) Terrell Latrey Capers is the Lawful father of the petitioner, asserts dominion over petitioner and in his capacity as Father of petitioner, objects to any entity appearing to and or are currently exercising jurisdiction over the petitioner except for this Court for the purpose of this petition.

(c) Petitioner's father has been denied access to State Courts unlawfully and by virtue of Judicial prejudice, has been inapplicably deemed a vexatious litigant under 68.093(2)(a) of the Florida Statutes which improperly exhaust all remedies to the petitioner and Father.

(d) has been denied the constitutionally protected right as stated in the Bill of rights Article one; Petition Clause within the 12th and 13th Judicial Circuit Court(s) in and for Manatee County, and the latter; Hillsborough County, Florida.

(e) Petitioner has been denied the constitutionally protected right as stated in the bill of rights Article four; search and seizure clause.

(f) Petitioner has been denied the constitutionally protected right as stated in the Bill of Rights Article nine; Non-enumerated rights (1791) to the enjoyment of having access to her father, the right to not be subjected to abuse of any kind or cruelty, the right to having a complete family unit, the right to having the protection of her father accessible, the right to peace and love, the right to be in the possession and custody of her father, the right to know her creator and origins and the right to the enjoyment of the benefits thereof.

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 4

(g) The Petitioner has been unlawfully detained without Due Process, legal nor lawful justification, is a minor incapable of committing an offense nor did anything at law warrant the detainment of the petitioner.

(h) The Respondent has used the Petitioner to defraud the Federal Government and The STATE OF FLORIDA by conversion and assignment of beneficial rights of the petitioner to the STATE OF FLORIDA.

## FACTS NECESSARY TO UNDERSTAND PETITION

1. The Father has superior lawful authority to custody and possession of the Petitioner above all others of or in society as he is the creator of the Petitioner by his own flesh and blood in which said right to custody and possession cannot be denied as a matter of all forms and or disciplines of law that may be applicable. **(see Exhibit A).** Final Judgement of paternity was entered on January 17th, 2020 establishing legitimation of the biological legal parental relationship between the petitioner and her father Terrell Latrey Capers through DNA evidence and recognized by the CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA, signed by Robin F. Fuson; Circuit Court Judge.

2. On august 7$^{th,}$ 2020 the petitioner was in the lawful custody and possession of her father Terrell Latrey Capers. The respondent was informed that the petitioner will attend an immediate family member funeral on august 8th in Manatee County, Florida where the father and petitioner lives and will be overnight with the father and grieving family until august 15th 2020 (8 days) as agreed upon by the respondent and the father verbally.

3. The respondent ignored every email, text and phone call by the father pertaining to the petitioner from the birth of the petitioner (august 14th, 2019 – present day) and was reminded on august 7th 2020 at 9:12 am of the funeral and to have the petitioner groomed. **(See exhibit B)**

4. The respondent and the father did not have any enforceable agreement nor any pending Court actions pertaining to custodial timesharing of the petitioner.

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 5

5. The father informed the respondent that they need to arrange a time and date to set up an enforceable agreement for custodial timesharing of the petitioner on august 8th 2020. **(see Exhibit C)**

6. On august 10th 2020, at 9:38:50 A.M. the father filed notice of voluntary dismissal so that the respondent and he could settle all issues in private. **(see Exhibit D)**

7. On august 10th the respondent filed an emergency motion stating that she "does not know who Terrell Latrey Capers is and he has unlawful possession of J.X. and that paternity was not established".

8. On august 11th 2020 at 01:18:39 A.M. the petitioner's father filed notice to the Court of objection to the emergency motion, fraud on the court, Judicial prejudice, perjury and to further proceed would put the father, the petitioner and family in immediate danger and under duress would the father proceed in fear of his life. **(See Exhibit E)**

9. On august 11th 2020, Robin F. Fuson; Circuit Court Judge, ignored all notices filed by the father of him being under duress and in fear of his life to proceed with case, notice of voluntary dismissal of case to settle matters privately with the respondent; granted the emergency motion, invoked the UCCJEA placing the petitioner in State custody, signed by the respondent, stating under oath and penalty of perjury that "paternity was not established for J.X." and that the petitioner was in the unlawful possession of her father.**(See exhibit F)**

10. On august 20th 2020 Robin F. Fuson recused himself from the case 20-DR-009074 after being noticed of his Judicial prejudice, Fraud on the Court, malicious litigation, harm to the life of the father, harm to the life of the petitioner and immediate family following the unprecedented family death of a minor handicapped child. **(See Exhibit G)**

11. The emergency order issued was fraudulent on it's face. According to U.S.C.S Ct App 9th Cir, Appx R 8011(d)-1: for a Court to grant such motions there must be evidence supporting allegations of irreparable harm and or danger not just mere unverified statements by a litigant. There has never been any harm caused by the father to the respondent, the petitioner and as a matter of fact to any person, people, man woman or child or any member of society, nor has there ever been any investigation by any agency or Judgement by any Court deeming the father to be of a danger to the responding or the petitioner. **(See Exhibit H)**

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 6

12. Said emergency order is void on its face; the name of the minor child in the order and the name of the minor child unlawfully seized is improper and fraudulent and incorrect and the Circuit Court Judge Robin F. Fuson was and is aware of this fact by Judicial notice filed by the father. Said Judge knew he nor the court had any jurisdiction, violated the father's Due process rights and violated the petitioner's constitutional rights.

13. Robin F. Fuson was the same Circuit Court Judge who on January 17th, 2020 handed the parties a Final Judgement of Paternity **(as provided in exhibit A)** establishing paternity for the petitioner naming Terrell Latrey Capers the lawful father through irrefutable DNA evidence and even after being noticed of his own Judgement went forth with his unlawful order and conspired with the respondent to maliciously deprive the petitioner and Father their rights as stated in the following:

    (a) Article I of the Bill of Rights is constitutionally protected and is clear that the Petitioner has the right to Petition the Court for redress of grievances. One may construe the clause mentioning "government", yet there are three-parts of government and the Courts fall under the Judicial Branch of government thus giving way to the right to redress the Court for grievances. On September 1st, 2020; the Father of the Petitioner, through operation of law, petitioned the Twelfth judicial Circuit Court for redress of grievances on behalf of the Petitioner for the return of the Petitioner to his lawful possession from the unlawful possession of the Respondent. Said Court denied all motions and notices deeming the father to be vexatious *sua suponte*, taking the unsworn statements and filings of the Respondent as evidence, unserved on the petitioning party, without any hearing nor Due Process given; even though under Florida Statute 68.093(2)(a) FLORIDA VEXATIOUS LITIGANT LAW clearly states that "Action does not include actions concerning family law matters governed by the Florida Family Law Rules of Procedure." This effectively prevented the Petitioning party from ever being to file any notices with the Courts or even a Notice of appealing the matter or giving notice of Court err in which sustained the unlawful possession of the Petitioner by the Respondent. Thus, violation of said constitutionally protected rights are and were violated.

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 7

(b) Article IV of the Bill of Rights protects one from the unlawful search and seizure especially that which violates Due Process. Said constitutionally protected right was and is clearly violated maliciously.

(c) Petitioner has been denied the constitutionally protected right as stated in the Bill of Rights Article Nine Non-enumerated rights (1791) to the enjoyment of having access to her father, the right to not be subjected to abuse of any kind or cruelty, the right to having a complete family unit, the right to having the protection of her father accessible, the right to peace and love, the right to know her creator and origins and the right to the enjoyment of the benefits thereof. These Non-Enumerated Rights were violated and continue to be violated simply because above mentioned rights are that of the family in which the petitioner belongs to and are in private trust as benefits to be enjoyed from the Father by the Petitioner. Said private Rights are concurrent and in agreeable with the Constitution and enjoyment would not violate nor trespass on the rights of another. The Father has, since August 14th, 2019- present day, tried to settle matters outside of the Courts with presentments of peace to no avail. The Respondent is obviously unable to act as a proper custodian of the Petitioner. All administrative remedy is exhausted. Without this Writ of Habeas Corpus, the right to the enjoyment of the benefits transferred to the Petitioner by the Father are interfered with and a trespass on and the deprivation of right thereof is unlawfully sustained.

(d) The Petitioner has been unlawfully detained and, in the possession, attorned to the Respondent, by the Respondent, maliciously, by using fraud, deceit and conspiracy to deprive the Father and Petitioner of constitutionally protected rights since August 14th, 2019. The Respondent has used serious accusations such as Domestic abuse to gain leverage in the lower courts by twice filing for an injunction against the Father using fraud, deceit and material misrepresentation knowingly to the Courts. The Respondent is not and never was deemed a victim of Domestic Violence in any Court committed by the Father. Fortunately, both injunctions were dismissed **(See Exhibit I)** but damaged the image of the Father and as the matter on public record caused defamation and prejudice to the Father and Family. The first incident occurred on September 13th, 2019 the Respondent; interestingly after being served a petition to establish custody which was filed on September 6th, 2019; filed an

injunction for domestic violence Without Children. Prior to said date the Respondent and Father did not see each other after separating on June 1st, 2019 due to the Respondent's mental instability and actions that are current now such as stopping the father from being at any prenatal care appointments for absolutely no reason. The Father daily contacted the Respondent pertaining to the Petitioner ONLY. The Respondent used the Father's natural concern about the Petitioner as leverage to state harassment and nonviolent interactions such as email, text, and telephonic communications. The Respondent admitted to alienating the Petitioner from the Father from August 14th, 2019 – at that present time of hearing on October 10th, 2019. The injunction was dismissed. The second incident occurred January 17th, 2020. On January 17th, 2020, the Respondent and Father had a determination of Paternity hearing at 8:30 a.m... the Respondent did not appear, Attorney Carl Joseph Ohall appeared on her behalf. Paternity was established naming the Father to be the Lawful, Biological and Natural Father of the Petitioner through Uncontested DNA evidence signed by the Respondent on Behalf of the Petitioner. On the same day, the Respondent was out filing yet another injunction for domestic violence, this time with children. The respondent knew all along that the Father is the father of the Petitioner and abused court resources and continuously waste the resources of the Father, costing him loss of business resulting in over $400,000.00 in damages, the Judicial system and most importantly depriving the liberty of the Petitioner to be in a loving environment. Fortunately, the second injunction was dismissed.

(i) The Respondent has used the Petitioner to defraud the Federal Government and The STATE OF FLORIDA by conversion. the Respondent's sole purpose of this unlawful possession is to remain on welfare collecting government funds in order to live rent free. The Respondent is on section 8 housing in which caps the income potential of one who applies thus subjecting the Petitioner to living in poverty. The respondent has collected government assistance for needy families for over 10 years which goes against the federal governments time limits. One would also have to comply with the STATE OF FLORIDA Department of Revenue child support program in order to continue being able to receive those benefits. The Respondent has converted the right of the Petitioner and assigned those rights of the Petitioner to benefits of the Father unlawfully in order to receive benefits from said

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 9

STATE and is clearly using the incompetence of the Petitioner to further create more public debt, prohibit any assistance the Father will give to the Petitioner all in order to live Rent free and defraud. The Petitioner has yet to inform the Florida Department of Revenue that paternity was established for the Petitioner and the Petitioner has not been abandoned.

(j) The respondent is a dependent of the State of Florida which draws and has drawn a bias against the father in litigating the issues at State level Courts. There are no State laws in which give remedy to a father exercising his right to custody and or possession of minor child and would be futile to do so as the Statutes governing the State Courts appear to be bias and in violation of the equality clause of the 14th Amendment "equal protection of the laws'. An example of such statute is "**Florida statute 744.901(1) "The mother of a child born out of wedlock is the natural guardian of the child and is entitled to primary residential care and custody of the child unless the court enters an order stating otherwise."**

WHEREFORE, The Petitioner and The Father preserve the right to bring criminal charges and suit against all wrongdoers if need be under 18 U.S.C. §241&242. In absent of this Court granting the request for a Writ of Habeas Corpus, these wrongful acts will continue, forevermore, causing further irreparable harm, damages and unlawful detainment of child in State Custody in violation of the rights thereof.

**Relief requested.**

1. The Petitioner ask for this Court to grant relief from unlawful order issued by the then acting Circuit Court Judge Robin Fuson for the Thirteenth Judicial Circuit Court through the immediate issuance of Writ of Habeas Corpus, returning Petitioner to the lawful possession of Terrell Latrey Capers, the natural and lawful father of Petitioner from the unlawful possession of the Respondent with the assistance of the USMS without delay.
2. Grants any such further relief that this Court may deem to be just and proper.

Dated this 1 of March 2021

IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 10

1  Signed under the penalty of perjury preserving all rights and waiving non.

_Terrell Latrey Capers; Authorized Representative on behalf of J~~eveon~~ X~~avier~~   UCC 1-308_

Witnessed by: _Tessgreene_

_Shira greene_

7  STATE OF FLORIDA COUNTY OF Manatee

8  The foregoing instrument was acknowledged before me this 1 day of 03, 2021, by Terrell Capers

9  as Authorized Representative for Jeveon Xavier

11  (Seal)

GARRETT GENTER
Notary Public-State of Florida
Commission # HH 74145
My Commission Expires
December 21, 2024

15  _Garrett Genter_

16  Signature of Notary Public

17  Print, Type/Stamp Name of Notary

19  Personally known: _____

20  OR Produced Identification: __X__

21  Type of Identification Produced: U.S. Passport

28  IN RE: RESTORATION OF MINOR CHILD J.X. TO LAWFUL FATHERPETITION FOR WRIT OF HABEAS CORPUS - 11